Thomas Cooke vs. Dean S. Manly and Amasa Mason.

THOMAS COOKE, Plaintiff in Error.

*vs.*

DEAN S. MANLY and AMASA MASON, Defendants in Error.

ERROR TO WINNEBAGO CIRCUIT COURT.

What is to be deemed a sufficient notice, (in point of time), to a party to appear upon the trial of a cause and be sworn as a witness for the opposite party, depends upon the circumstances of each particular case.

A notice of ten days (to the attorney) for a party residing in the State of New York to appear at a trial in an interior county of Wisconsin, to testify, is not a sufficient notice. *Smith J.* dissenting.

The defendants in error brought an action in the court below, in assumpsit, upon a promissory note, in which an issue was made up, and the cause noticed for trial at a term of the court to commence on Monday, the first day of September, 1856.

On the 21st of August, 1856, the defendant in that suit served upon the attorney for the plaintiff, a notice in writing, requiring the plaintiffs to appear and be sworn as witnesses on the trial of the cause.

The cause came on to be tried at said September Term, 1856, when the plaintiffs introduced the note in evidence, and also proved by a witness that the plaintiffs resided in the State of New York.

The defendants then called upon the plaintiffs to appear, and be sworn in the cause pursuant to the notice before given; but neither of said plaintiffs appearing in answer to the call, the defendant offered himself as a witness in his own behalf in said cause.

The plaintiffs, by their attorneys, objected to the testimony of the defendant and to his being sworn in the cause, for the reason as they alleged, that said notice was insufficient in point of time, to enable them to procure the attendance of the plaintiffs as witnesses upon the trial of the cause.

The court sustained the objection so made, and no further defence being made, the jury, under instructions of the court, found for the plaintiff, who had judgment upon such finding.

*Wheeler and Edmonds* for Plaintiff in Error, cited Rev. Stat. ch. 98, Sec. 57, 58, 59 and 93. The pleadings in the cause do not disclose the residences of the plaintiffs, nor raise any presumption that they were non-residents.

*E. S. Bragg* for Defendant in Error.

*By the Court,* COLE J. In this case the plaintiff in error, who was defendant below, served upon the attorneys of the defendants in error, ten days before the term of court, a notice requiring such defendants in error to appear and be sworn as witnesses upon the trial of this cause. They not appearing he offered himself as a witness, and insisted upon being sworn; but was objected to and excluded by the court. The reason for excluding him appears to have been that the court deemed the notice insufficient in point of time to secure the attendance of the defendants in error, or to take their testimony under the statute; and that therefore Cooke was not entitled to be sworn in the cause. The suit was upon a promissory note given by Cooke to the defendants in error, and it was proved by one of their attorneys on the trial that they resided in the State of New York.

Under the circumstances we think Cooke was properly excluded as a witness in the case. His right to testify only resulted from the failure or neglect of the opposite party appearing or having his testimony taken, after a sufficient notice served upon him, to appear at the time of trial. Sec. 57, chap. 98, R. S. What is to be deemed a sufficient notice must be determined very much by the circumstances of each particular case; but in general it may be remarked that a reasonable time should be given to secure the attendance of the

Thomas Cooke vs. Dean S. Manly and Amasa Mason.

party. It would be very difficult, with all the present facilities of mail communication and travel, to procure, within ten days, the attendance of a party living in New York, upon a court sitting in an interior county of this State. And it might be impossible for the party to attend in person, though ever so willing to testify. We see no reason why a different rule should apply in the case of the examination of a party as a witness in the action at the instance of the adverse party, and an examination of an ordinary witness. The party desiring the testimony should use proper diligence to obtain it; that is, he should give his notice a sufficient time before the trial to enable his adversary to be present, or to have his testimony taken. Under some circumstances, ten days notice would have been amply sufficient undoubtedly. But in this case it was not. It is said that it did not appear upon the record or from the pleadings that the defendants in error were non-residents, or where they resided; and that it ought to be presumed that Cooke did not know where they lived. We think otherwise. We presume Cooke well knew that the payees of the note were non-residents, and if he was really anxious to have them appear at the trial and testify, he should have given them a reasonable opportunity to do so.

Judgment affirmed with costs.

SMITH J. I cannot concur in the conclusion to which my brethren have arrived in this case. There was nothing on the record to show that the plaintiffs resided in the State of New York, nor can I perceive any reason why the defendant should be presumed to know that fact. On the contrary it seems to me that the legal presumption is, that the plaintiff is a resident within the jurisdiction of the forum where he sues, if there is nothing on the record to repel such presumption. It is not contended but that ten days notice would in such case be sufficient. No notice of the non-residence, or of the place of residence of the plaintiffs was given the defendant until the cause

Thomas Cooke vs. Dean S. Manly and Amasa Mason.

was brought on for trial, and then for the first time he is informed that they reside out of the State. It seems to me that the plaintiff's attorney ought to have informed the defendant of that fact on receiving the notice, that he might proceed to take their deposition, and if he could show due diligence, or that the evidence of the plaintiffs was material the court would be governed accordingly. But to permit the plaintiff's attorney to lie still until the very hour of trial, and then disclose the non-residence of the plaintiffs, was taking undue advantage of the defendant.